UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) | |
| v. | ) ) ) | Criminal No. 1:22-cr-10026-RWZ |
| (1) DAVID P. FORTE, (2) GREGORY MANNING, and (3) JOHN YOUNIS, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS MANNING'S AND FORTE'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO COMPEL DISCOVERY**

The Government's opposition highlights a profound misunderstanding of its discovery obligations and the requirement for prosecutors "to turn square corners" when it comes to ensuring a fair trial and producing all exculpatory evidence. *See Ferrara v. U.S.*, 456 F.3d 278, 293 (1st Cir. 2006). This is not a game of hide the ball. A prosecutor's job is to do justice, not to use the rules to manipulate how to turn over the least amount of records possible to obtain an unfair advantage at trial. The Defendants file this Reply to respond to four issues.

First, the Defendants are not seeking early *Jencks* or 21-day discovery materials in their Motion to Compel. To the contrary, they significantly narrowed their 55 document requests to those items that are the most critical to obtaining a fair trial in this matter, specifically, records and information that are exculpatory or material to the Defendants' ability to prepare a defense. Yet, the Government has refused to even produce the uncharged Insider's FD-302 reports that it, not the defense, has properly characterized as exculpatory. Recognizing the gravity of the exculpatory information that these 302 reports contained, the Government provided excerpts of

1

some of the information they contained, including the following statements made by the Insider that undercut this entire prosecution:

- He did not know how David Forte would have known of the Analog-Linear deal in advance of the announcement;
- There was "no way in hell" that he told David Forte about the Linear deal;
- He was shocked to hear David Forte's friends purchased Linear securities prior to the deal;
- David Forte did not learn about the Analog-Linear deal from him;
- David Forte was a sophisticated investor who invested in stocks and options;
- There was always public domain speculation about consolidation in the semiconductor industry; and
- David Forte surmised that the deal was going to take place.

The Government provided additional excerpts from the Insider 302 reports after reading the Defendants' Motion to Compel, but steadfastly refuses to produce copies of the actual reports that contain core *Brady* information. To clarify, in case there was any ambiguity, the Defendants do not want these reports because they constitute "early Jencks;" we want these reports because they contain exculpatory information to which we are entitled. Indeed, these should have already been produced under Local Rule 116.2(a). At a minimum, this Court should conduct an in-camera review of these reports and all notes taken during these interviews.

What is most striking about the Government's Opposition is the extent to which it has chosen to fight producing what any reasonable prosecutor would have turned-over in automatic discovery. In so doing, it has tried to shift the burden to the defense to preview its theories and trial defenses. As Courts have made clear, prosecutors should err on the side of caution and "resolve doubtful questions in favor of disclosure." *See United States v. Agurs*, 427 U.S. 97, 108 (1976). This is essential because the Government often will not know what information is "material and favorable to the accused" until defense counsel cross-examine witnesses at the trial or make their closing arguments.

Second, this Court should reject the Government's argument that the SEC is not part of the prosecution team. It principally relies upon *United States v. Cadden*, No. CR 14-10363-RGS, 2015 WL 13683814, *4 (D. Mass. Jul. 13, 2015), *aff'd in part and rev'd in part*, 2015 WL 5737144 (D. Mass. Sept. 20, 2015). *Cadden*, however, is inapposite, as it concerned whether two state agencies – the Massachusetts Department of Health and the Michigan Attorney General's Office – were participating in the Government's federal investigation of a large scale fungal meningitis outbreak. Here, the evidence shows that the SEC and the U.S. Attorney's Office were working as a team. *See id.* (identifying factors used to determine whether a joint investigation occurred). The SEC and the U.S. Attorney's Office jointly conducted the interview of the essential witness, the Insider. They coordinated and shared evidence. They coordinated the timing of bringing their parallel actions and, after the Defendants filed their discovery and interrogatory requests, the U.S. Attorney's stepped in and filed a Motion to Stay the SEC civil case, which Judge Sorokin granted, to prevent the Defendants from learning more information about the investigation and obtaining records that cast doubt on the propriety of this action. *See* Def. Mot. at 10.

Remarkably, in its 20-page Opposition, the Government omits a key fact to the Court's determination of whether the U.S. Attorney's Office and the SEC were jointly investigating the offenses charged in the indictment. The U.S. Attorney's Office shared reports of their interviews with the SEC. It was not a one-way street as the Government seems to suggest where the SEC solely "transmitted documents gathered during its investigation to the government [U.S. Attorney's Office], consistent with common practice." Govt. Opp. At 5. As described in the Defendant's Motion at 10, the SEC's civil complaint contains information and quotes from the FD-302 report of the interview of Defendant Manning, a document that was produced to the

Defendants in discovery pursuant to a Protective Order.  This shows that the U.S. Attorney's Office was sharing information with the SEC about its investigation.

Third, the Defendants are entitled to the transcript of the prosecutor's legal instructions to the grand jury.  A prosecutor's legal instructions to the grand jury do not implicate the same concerns as grand jury witness testimony.  See Def. Mot. at 19.  As Judge Burroughs concluded, there is "no reason why the prosecutors' instructions to the grand jury should be kept secret." *United States v. Facteau*, No. 15-cr-10076-ADB, 2016 WL 4445741, *5 (D. Mass. Aug. 22, 2016).  Count One omits the scienter requirement of willfulness and is, therefore, deficient because it fails to set forth all the elements of the offense.  See *Hamling v. U.S.*, 418 U.S. 87, 117 ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'") (citation omitted).  The defense, therefore, has grounds to believe that erroneous and misleading legal instructions were given to the grand jury.  This would provide a legal basis to dismiss Count One.

Fourth, the Government completely ignored this Court's request to be "more liberal" in responding to the discovery requests to provide the Defendants "the broad contours" of its case and avoid "ambushing" them.  See Mot. Hearing Tr. at 22-23.  Instead, the Government has endeavored to prevent the Defendants from learning facts critical to the preparation of both Manning's and Forte's defenses.  The Court took the Defendants' Motion for a Bill of Particulars under advisement with the hopes that the Government would comply with its request.  In light of the Government's refusal to produce any additional discovery (with the exception of two

insignificant records) and its obtuse gamesmanship, the Court should order the Government to provide the requested particulars.

## CONCLUSION

For these reasons and those detailed in the Defendant's Motion to Compel Discovery, the Defendants respectfully request that this Motion be granted in addition to their Motion for a Bill of Particulars.

Respectfully submitted,

| | |
|---|---|
| DAVID FORTE, | GREGORY P. MANNING, |
| By his attorneys, | By his attorneys, |
| /s/ Megan A. Siddall | /s/ B. Stephanie Siegmann |
| Tracy A. Miner (BBO No. 547137) | William F. Sinnott (BBO# 547423) |
| Megan A. Siddall (BBO No. 568979) | B. Stephanie Siegmann (BBO# 638257) |
| Miner Siddall LLP | Hinckley, Allen & Snyder, LLP |
| 101 Federal Street | 28 State Street |
| Boston, MA 02110 | Boston, MA 02109 |
| Tel. (617) 202-5890 | Phone number: (617) 378-4181 |
| tminer@msdefenders.com | wsinnott@hinckleyallen.com |
| msiddall@msdefenders.com | ssiegmann@hinckleyallen.com |

Dated: December 12, 2022

## Certificate of Service

I, B. Stephanie Siegmann, hereby certify that on December 12, 2022, the foregoing document was filed through the Court's CM/ECF system, which will send notice electronically to all participants registered to receive electronic notice in the case.

/s/ B. Stephanie Siegmann
B. Stephanie Siegmann