IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 1:22-cr-10026-RWZ-MPK |
| | ) | |
| DAVID FORTE and GREGORY | ) | |
| MANNING, | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO COURT ORDER

In response to the Court's December 15, 2022 order (ECF No. 112), the U.S. Attorney's Office ("the government") respectfully submits the following information regarding coordination between the government and the Securities and Exchange Commission ("SEC") with respect to their respective investigations of the underlying conduct in this case:

At the outset of the government's investigation, Chicago-based SEC personnel and the government executed access letters reflecting each office's respective request that the other share non-public (and non-Grand Jury protected) information from its investigation of the conduct. These access letters reflect standard practice of the Department of Justice and the SEC when conducting parallel investigations. Pursuant to the access letters, the SEC transmitted to the government all documents that the SEC received in response to third-party administrative subpoenas that the SEC issued. The SEC issued these administrative subpoenas on its own initiative, and without any involvement by the government. The responsive documents primarily included phone records, bank records, and brokerage records. To the extent any of these documents were discoverable under the applicable automatic discovery rules, the government produced these documents to the defendants.

Pursuant to the access letters, the government notified the SEC that FBI agents had interviewed the defendants and two other individuals (later identified as Individual 1 and Individual 2 in the Complaint and the Indictment) on April 7 and 8, 2021.  Agents interviewed these individuals without any involvement by the SEC.  The government later permitted the SEC to review the FBI interview memoranda from these interactions, but these memoranda are not in the SEC's possession, custody, or control.  The government obtained other materials through search warrants and grand jury subpoenas without any involvement by the SEC.  The government shared no grand jury materials with the SEC.

As described in the government's opposition to defendants' motion to compel (ECF No. 108), the government and the SEC jointly conducted proffer interviews of Individual 1 and another individual.  Representatives from both the government and the SEC had opportunities to ask questions of these individuals.  An FBI agent took notes and produced interview memoranda from these proffer interviews; SEC attendees did not take notes or generate reports of these interviews. *C.f. United States v. Gupta*, 848 F.Supp.2d 491 (S.D.N.Y. 2012) (Rakoff, J.) (concluding that the government must review SEC-created memoranda and interview notes from any of 44 jointly conducted interviews and disclose to defendant any *Brady* material therein).  The government later permitted the SEC to review the FBI's interview memoranda; these memoranda are not in the SEC's possession, custody, or control.

The government and the SEC communicated by phone about the dates on which their respective cases would be initiated.  Coordination of this kind is a routine practice in the context

of parallel investigations by the SEC and the government.[1]  The government and the SEC had no

involvement in each other's charging decisions.

Since the Court's December 15, 2022 order, personnel from the SEC have confirmed that

they have provided the government with all documents that they obtained via administrative

subpoenas and that they are not aware of any exculpatory information in the SEC's possession,

custody, or control.  SEC personnel did not independently conduct any interviews as part of their

investigation, and the SEC has not deposed any witnesses in connection with its case.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   */s/ David M. Holcomb*
David M. Holcomb
Leslie A. Wright
Assistant U.S. Attorneys

Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: December 30, 2022                      */s/ David M. Holcomb*
Assistant United States Attorney

Local Rule 7.1 Certification

I certify that I have conferred with counsel for defendants and counsel assents to this
motion.

Dated: December 30, 2022                      */s/ David M. Holcomb*
Assistant United States Attorney

---

[1] *See*, *e.g.*, Stephen J. Choi and A.C. Pritchard, *Securities Regulation: Cases and Analysis*
767 (3rd Ed. 2012) ("The usual pattern when the Justice Department has decided to prosecute
someone for a securities violation is a coordinated announcement of the criminal indictment and
the SEC's enforcement action.").

3