UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * | |
| v. | * * | Criminal Action No. 22-cr-10026-ADB |
| DAVID FORTE and GREGORY MANNING, | * * | |
| Defendants. | * * * * | |

## **MEMORANDUM & ORDER**

BURROUGHS, D.J.

On February 1, 2022, a grand jury returned a two-count indictment against David Forte ("Forte") and Gregory Manning ("Manning" and together "Defendants"), charging them with conspiring to commit securities fraud, in violation of 18 U.S.C. § 1349, Count One, and aiding and abetting securities fraud, in violation of 15 U.S.C. §§ 78(b) and 78ff(a), 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2, Count Two. [ECF No. 28 ("Indictment")]. Currently pending before the Court is Defendants' motion to dismiss Count One on the grounds that the indictment fails to allege an essential element of § 1349 conspiracy.[1] [ECF No. 133]. For the following reasons, Defendants' motion, [ECF No. 133], is DENIED.

---

[1] At the April 27, 2023 hearing on the motion, Defendants additionally asserted that all charges should be dismissed on the grounds of selective prosecution. See, e.g., [ECF No. 150 (Apr. 27, 2023 Hearing Tr.) 7:2–4]. In their opening brief, Defendants referenced facts potentially relevant to selective prosecution, [ECF No. 133 at 3, n.2], but only raised selective prosecution as an argument for dismissal in their reply brief, [ECF No. 142 at 3–4]. As such, the Court declines to consider it. See Noonan v. Wonderland Greyhound Park Realty LLC, 723 F. Supp. 2d 298, 349 (D. Mass. 2010) ("The purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum.").

Even were the Court to consider the merits, dismissal would not be warranted on this ground.

I.      BACKGROUND

The Indictment alleges that Defendants Forte and Manning grew up together and were close friends. [Indictment ¶ 4]. Forte's close relative, identified by both Defendants and the government as Forte's brother, see [ECF No. 133 at 2–3; ECF No. 137 at 2 n.1], was a senior executive at Analog Devices, Inc. ("Analog"), a publicly traded company, [Indictment ¶ 5]. In or about June 2016, Analog informed certain employees, including Forte's brother, about a proposed acquisition of another company, Linear Technology Corp. ("Linear"), and told those employees that the information was "non-public and confidential[.]" [Id. ¶ 8]. Forte's brother "owed [Analog] a fiduciary duty, and duties of trust and confidence," and, pursuant to Analog's

---

> Because a selective prosecution claim asks a court to exercise judicial power over a special province of the Executive, courts have consistently demanded clear evidence that a prosecutorial decision had a discriminatory effect and that it was motivated by a discriminatory purpose. The prosecutor is presumed to have acted in good faith for reasons of sound governmental policy, unless the defendant can demonstrate both that she has been singled out for prosecution when others similarly situated have not been prosecuted and that the prosecutor's reasons for doing so were impermissible.

United States v. Magana, 127 F.3d 1, 8 (1st Cir. 1997) (internal citations and quotation marks omitted); United States v. Armstrong, 517 U.S. 456, 464 (1996) (explaining that, pursuant to "the equal protection component of the Due Process Clause of the Fifth Amendment, . . . the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification" (internal citations and quotation marks omitted)). Defendants' (1) references to others who were either investigated but not charged, or in the case of a company executive and those he allegedly tipped off, civilly but not criminally charged, and (2) assertions that Forte was criminally charged because he is a police officer and thus his prosecution would garner publicity, clearly fail to meet the high bar to establish selective prosecution.

Any claim of vindictive prosecution would also fail. "A vindictive prosecution" is "one in which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right." United States v. Jenkins, 537 F.3d 1, 3 (1st Cir. 2008) (citation omitted). "A defendant may establish a vindictive prosecution either (1) by producing evidence of actual vindictiveness or (2) by demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness." Id. (citation omitted). Defendants have done neither here.

"Policy on Securities Trading[,]" was "prohibited from trading in Analog's securities, or the securities of another company, while in possession of material non-public information ('MNPI')" and from "disclosing MNPI to others who might buy or sell securities on the basis of that MNPI." [Id. ¶ 6]. Additionally, as close relatives, Forte and his brother, "had a relationship of trust and confidence with one another[.]" [Id.].

The Indictment further alleges that Forte obtained MNPI from his brother, and then shared that information with Manning "so that [Manning] could trade on the basis of that information." [Indictment ¶¶ 13–14]. Thereafter, Manning allegedly traded in Linear stock. [Id. ¶¶ 11, 22, 24–25, 31]. The Indictment sets out a detailed timeline of: (1) calls between the Defendants and (2) Manning's trades in Linear stocks, which occurred between the time Forte shared the MNPI with Manning and just before and after the public announcement of Analog's acquisition of Linear. [Id. ¶¶ 15–31]. Manning later "gave [Forte] cash in thanks for the tips [Forte] had provided concerning Linear." [Id. ¶ 33].

Additionally, the Indictment alleges the existence of a conspiracy to "commit securities fraud by trading in Linear securities while in possession of MNPI about Analog's acquisition of Linear" "to make money and to conceal the conspirators' actions from others, including regulators and law enforcement." [Indictment ¶ 10].

The specific language of Count One of the Indictment charges that Defendants

> Conspired with each other [and former co-defendant John Younis] to commit securities fraud, that is, to knowingly execute and attempt to execute a scheme and artifice (a) to defraud persons in connection with securities of [Linear], an issuer with a class of securities that was registered under Section 12 of the Securities Exchange Act of 1943, and (b) to obtain, by means of false and fraudulent pretenses, representations and promises, money and property in connection with the purchase and sale of securities of [Linear], in that [Manning] and [Younis] traded in the securities of [Linear] while in possession of material non-public information [Forte] obtained from [Forte's brother] and provided to them, in

3

violation of Title 18, United States Code 1348.  All in violation of Title 18, United States Code, Section 1349.

[Indictment at 8].

The Count One charge also "re-alleges and reincorporates by reference paragraphs 1-33 of th[e] Indictment." [Id.].

Defendants filed the instant motion to dismiss on March 6, 2023, [ECF No. 133], the government opposed the motion on March 20, 2023, [ECF No. 137], and Defendants replied on April 15, 2023, [ECF No. 142]. Another session of this Court held a hearing on the motion on April 27, 2023, see [ECF Nos. 149, 150],[2] before the case was re-assigned to this session of the Court, [ECF No. 153].

## II.    STANDARD OF REVIEW

"Defendants challenging the sufficiency of an indictment bear a heavy burden." United States v. Black-White, No. 11-cr-10416, 2013 WL 2155297, at *2 (D. Mass. May 16, 2013) (citing United States v. Troy, 618 F.3d 27, 34 (1st Cir. 2010)). "Because dismissal of an indictment 'directly encroaches upon the fundamental role of the grand jury,' the circumstances under which a trial court properly may invoke its authority in this regard are 'extremely limited.'" United States v. Richmond Joseph, No. 19-cr-10141, 2020 WL 4288425, at *2 (D. Mass. July 27, 2020) (quoting Whitehouse v. U.S. Dist. Ct. for Dist. of R.I., 53 F.3d 1349, 1360 (1st Cir. 1995)).

"An indictment is legally sufficient if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."

---

[2] The Court has reviewed the transcript of the April 27, 2023 hearing.

United States v. Laureano-Pérez, 797 F.3d 45, 60 (1st Cir. 2015) (citations and quotation marks omitted); see also Fed. R. Crim. P. 7(c).  Although an indictment must contain a "plain, concise and definite written statement of the essential facts constituting the offense charged," and "should be specific enough to notify the defendant of the nature of the accusation against him and to apprise the court of the facts alleged," United States v. Berk, 652 F.3d 132, 137–38 (1st Cir. 2011) (citations and quotation marks omitted), the government "need not put forth specific evidence to survive a motion to dismiss," United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citing United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)).  When evaluating a motion to dismiss, "courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'"  Ngige, 780 F.3d at 502 (quoting United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)).

### III.  DISCUSSION

"To support a charge of securities fraud, the government must allege: (1) fraudulent intent; (2) a scheme or artifice to defraud; and (3) a nexus with a security."  Black-White, 2013 WL 2155297, at *2 (citing United States v. Mahaffy, 693 F.3d 113, 125 (2d Cir. 2012)).  "[T]o prove conspiracy" pursuant to 18 U.S.C. § 1349, the government must show "an agreement existed to commit the underlying substantive offense . . . , that the defendant knew of the agreement, and that he voluntarily joined it with the intent to commit the underlying offense."  United States v. Iwuala, 789 F.3d 1, 9 (1st Cir. 2015) (articulating elements of § 1349 conspiracy in the context of health-care fraud).

Defendants assert that the government's failure to allege that Defendants "willfully joined in the conspiracy" or "voluntarily joined [the conspiracy] to further an unlawful purpose" amounts to a failure to allege an essential element of the offense, which in turn, warrants dismissal. [ECF No. 133 at 7]. Additionally, in Defendants' view, this element cannot be inferred from the Indictment's factual allegations because "the [I]ndictment fails to identify how the defendants allegedly obtained the MNPI, what MNPI they allegedly obtained, how they were alleged to have known that the conduct was wrongful, or any facts from which it could be inferred that the defendants willfully joined a conspiracy to commit securities fraud." [Id. at 8–9]. The Court disagrees.

"[A]n indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges she must meet." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (citing Hamling v. United States, 418 U.S. 87, 117 (1974); then citing Savarese, 686 F.3d at 6; and then citing Troy, 618 F.3d at 34). Even when statutes expressly include terms such as "'willfully' or 'knowingly[,]'" unlike § 1349,[3] "[i]ndictments [ ] need not always plead required scienter elements in precise statutory terms . . . so long as other words or facts contained in the indictment 'necessarily or fairly import guilty knowledge.'" United States v. McLennan, 672 F.2d 239, 242 (1st Cir. 1982) (quoting Madsen v. United States, 165 F.2d 507, 509–10 (10th Cir. 1947)); id. ("scienter element is sufficiently pleaded if 'other allegations in the indictment compel an inference of intent'" (quoting Hughes v. United States, 338 F.2d 651, 652 (1st Cir. 1964)).

---

[3] Section 1349 provides: "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. § 1349.

The Court finds that the Indictment's charges, its factual allegations, and the reasonable inferences drawn therefrom,[4] related to: Forte's communication of MNPI concerning his brother's employer to Manning so that Manning could trade based on that information, Defendants' numerous communications and Manning's subsequent trades of Linear stock, the monetary "tip" Manning ultimately provided Forte for the information, and the wrongful purposes of the alleged conspiracy, provide more than adequate notice of the offense, including that Defendants joined in the conspiracy willfully. Issues such as how "defendants allegedly obtained the MNPI" and "what MNPI they allegedly obtained[,]" [ECF No. 133 at 8], do not go to "whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense[,]" Ngige, 780 F.3d at 502, but rather whether the government has sufficient evidence to support its allegations, an issue clearly reserved for trial. While the government could have explicitly included the words "willfully" or "knowingly" in the charges, as Defendants point out was done in a subsequent indictment, see [ECF No. 142 at 3], the Court declines to find their omission renders the Indictment legally deficient.[5]

---

[4] See United States v. Morosco, 67 F. Supp. 3d 483, 490 (D. Mass. 2014) ("An indictment is given a common sense reading, and is 'read to include facts which are necessarily implied by the specific allegations made.'") (quoting United States v. Barbato, 471 F.2d 918, 921 (1st Cir.1973)), aff'd, 822 F.3d 1 (1st Cir. 2016).

[5] Defendants' reliance on United States v. John Chu, No. 04-cr-10156, see [ECF No. 133 at 7, ECF No. 142 at 2–3], is unavailing, largely for the reasons set forth by the government, see [ECF No. 137 at 7 n.3]. In Chu, the defendant moved to dismiss a count charging him with attempting to export defense articles in violation of 22 U.S.C. § 2778(c), on two grounds: (1) the government had failed to allege the "willfulness" element of the criminal offense, and (2) the statute created both civil and criminal liability, and the conduct alleged, that is, attempting to export, supported only civil not criminal liability. See United States v. John Chu, No. 04-cr-10156, ECF No. 50. The government did not oppose the motion. Another session of this Court granted the motion during a hearing but did not provide a written explanation for the grounds for the dismissal. See id. The grant of an unopposed motion to dismiss, which may or may not have been based on the government's omission of "willfulness" from the indictment, does not alter the Court's analysis of the adequacy of the Indictment in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, [ECF No. 133], is <u>DENIED</u>.

**SO ORDERED.**

May 15, 2023

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE
